IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRANDON MARQUIS PUGH, :
(AIS # 254312)
:
    Plaintiff,
:
vs.                                        CIVIL ACTION 13-387-CG-M
:
ASHLEY MOONEY RICH,
*et al.*, :

    Defendants. :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review of the complaint, it is recommended that this action be dismissed, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

I.   Complaint.

Plaintiff filed his § 1983 action on July 29, 2013, against multiple defendants, including two state court judges, two state prosecutors, a probation officer, a court reporter, two attorneys, and a police officer. (Doc. 1 at 3-18). He alleges malicious prosecution, false imprisonment, kidnapping, arrest without probable cause, inability to confront the witness

1

against him, and similar claims related to his arrest, trial, conviction, and sentence.[1]  (Id.).  Plaintiff demands release from imprisonment and punitive damages from the defendant prosecutors.  (Id. at 7).

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief

---

[1] Plaintiff states he was on probation when he was arrested (without probable cause, warrants, or an indictment) for second-degree rape.  (Doc. 1 at 6, 13).  He contends that the alleged victim was an adult who legally consented to engage in sexual relations with him, and argues his probation was revoked and he was sentenced for second degree rape without proof of lack of consent from the alleged victim and hearsay evidence only because the alleged victim was never present in court.  (Id. at 8-10).

[2] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

2

may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court, however, does not have "license . .

3

. to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Inv. v. Cnty. of Escambia, Fla*.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 566 U.S. 662). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III. Analysis

   A.   Claim for Release from Incarceration.

The demand to be released from incarceration, along with the challenges to his conviction, is a request for habeas corpus relief. Abella v. Rubino, 63 F.3d 1063, 1065-66 (11th Cir. 1995) ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated. . . . Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature.") (internal citations omitted). Habeas corpus is

4

"the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Id. (quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994) (Where judgment in favor of plaintiff "would necessarily imply the invalidity of his conviction" then the plaintiff must file a habeas corpus petition, not a § 1983 suit).

Because Plaintiff cannot obtain release from incarceration in a § 1983 action, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Allen v. Thompson, 815 F.2d 1433, 1435 (11th Cir. 1987), but only through a properly plead habeas corpus action,[3] his request for release in this § 1983 is frivolous as a matter of law.

B. Claim for Punitive Damages.

As relief in this action, Plaintiff has requested punitive damages. (Doc. 1 at 7). Punitive damages (as well as compensatory damages) are only available to a Plaintiff who has sustained an injury that is greater than *de minimis*. Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999). "In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub.L. No.

---

[3] Plaintiff currently has two habeas corpus petitions pending with this Court that set out identical claims as those in this improperly plead § 1983 action. (See CA No.: 13-360-KD-M, filed July 15, 2013; CA No. 13-588-WS-B, filed December 2, 2013).

104-134, 110 Stat. 1321 (1996) ("PLRA")." Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). Included in the PLRA is 42 U.S.C. § 1997e(e), which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) is "[r]ead as a limitation on a damages remedy only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting § 1997e(e), "Congress has chosen to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief, and not through actions for damages." Id. at 1289. This section "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). The statute's clear and broad language encompasses all claims, including constitutional claims, and provides for no exceptions. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011). Moreover, no distinction is made between

"constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally. Id.

The Court has extensively reviewed Plaintiff's complaint and finds it completely void of any physical injury or physical suffering that occurred while imprisoned.[4] Taking Plaintiff's allegations as true, and construing them in the light most favorable to him, the absence of a physical injury prevents Plaintiff from satisfying the physical injury requirement of 42 U.S.C. 1997e(e). Thus, § 1997e(e) prohibits him from recovering punitive damages from defendants.[5] Accordingly, Plaintiff's

---

[4] The fact that Plaintiff's complaint details no physical harm of any kind is typical of a habeas corpus petition where the petitioner, as Plaintiff here, only seeks redress from wrongs involving his or her conviction and/or sentencing and demands revocation of the same.

[5] Furthermore, it should also be noted that the two judges and two state prosecuting attorneys named as defendants in this action are immune from suit for monetary damages for actions taken while performing their judicial roles. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (In a "1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'") (internal citation omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same); Malley v. Briggs, 475 U.S. 335, 343 (1986) (State prosecutors are absolutely immune from suits of damages in a § 1983 action for performing function as an advocate for the government in order not to "impair the performance of a central actor in the judicial process."). This immunity encompasses acts or omissions associated with the

punitive damages claims are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted. See Harris, 216 F.3d at 980 ("[D]ismissal under this statutory provision of a claim that is filed during confinement should be without prejudice to re-filing the claim if and when the plaintiff is released.").

IV. Conclusion.

Based upon the foregoing reasons, it is recommended that that the claim for release from imprisonment against Defendants Ashley Mooney Rich, Grant William Gibson, Hon. Charles A. Graddick, Melody Little Cagle, James Murray Byrd, Reginald Tate, Officer G. Owens, Hunter J. Gallatte, III, and Hon. Charles McKnight be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), and Plaintiff's claim for punitive damages to be dismissed without prejudice for failure to state a claim.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

---

judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. See Imbler v. Pachtman, 424 U.S. 409, 430-31(1976).

8

specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 24th day of January, 2014.

                          s/BERT W. MILLING, JR.
                          UNITED STATES MAGISTRATE JUDGE